UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RYAN,<br><br>                        Plaintiff,<br>v.<br><br>FOREMOST INSURANCE,<br><br>                      Defendants. | Case No.: 25-cv-1351-CAB-MMP<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PLAINTIFF'S MOTION**<br><br>[Doc. Nos. 1, 2] |

This Order addresses Plaintiff's motion to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.] The Court **DENIES** Plaintiff's IFP motion and, after screening the Complaint, [Doc. No. 1], **DISMISSES** the Complaint.

**I.    Motion To Proceed IFP**

"Plaintiffs normally must pay $350 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status." *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A court may authorize the commencement of a suit without prepayment of fees if a plaintiff submits an affidavit, including a statement of all

1

his assets, showing that he is unable to pay the filing fee. 28 U.S.C. § 1915(a). The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." *Id*. at 339.

Plaintiff submits a nearly blank affidavit. [Doc. No. 2.] The Court finds that by listing his total monthly income, cash, home, and expenses at a value of zero dollars, Plaintiff did not sufficiently fill out the affidavit. *See id*. The Court requires a detailed description of Plaintiff's financial status to evaluate Plaintiff's IFP application. Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. §1915(a).

## II.     Subject Matter Jurisdiction

As it relates to Fed. R. Civ. P. 12(b)(1), "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). Federal courts are courts of limited jurisdiction and lack of jurisdiction is presumed unless proven otherwise. *See Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The Court can adjudicate subject matter jurisdiction sua sponte. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

Plaintiff lists 18 U.S.C. § 1033 as the cause of action but lists federal question jurisdiction as the basis for the suit. Section 1033 of Title 18 of the United States Code is a criminal statue for "[c]rimes by or affecting persons engaged in the business of insurance

whose activities affect interstate commerce." Section 1033 is neither a federal question nor a statute Plaintiff has standing to bring a claim under. In other words, this is a law that a criminal prosecutor, such as a United States Attorney, could use to bring a criminal case against someone. This statute does not provide for civil liability. Therefore, Plaintiff cannot bring claims under 18 U.S.C. § 1033.

### III. Conclusion

Accordingly, Plaintiff's motion to proceed IFP is **DENIED** and the Complaint is **DISMISSED** for lack of subject-matter jurisdiction.

It is **SO ORDERED**.

Dated: June 2, 2025

Hon. Cathy Ann Bencivengo
United States District Judge